247 S.W.2d 346 (1952)
HARVIEL
v.
HARVIEL.
No. 28032.
St. Louis Court of Appeals. Missouri.
March 18, 1952.
Philip A. Foley, Clayton, for appellant.
Paul Lester Watson, Clayton, for respondent.
WOLFE, Commissioner.
This is an action for divorce wherein the plaintiff was granted a decree which provided that she should have the custody of an infant daughter born of the marriage. The defendant was directed to pay five dollars a week for the child's support and granted the right to visit her once a month for a period of one-half hour. The plaintiff appealed, contending that the court erred in granting the father the right to visit and that the amount of the support money awarded was inadequate.
The plaintiff alleged in her petition that the defendant was cold and indifferent toward her. It was also alleged that he did not properly support her and had struck her on occasions without any provocation. The action was not contested on any of these points and the plaintiff's evidence was sufficient to prove the allegations of her petition.
Plaintiff testified that she did not want alimony and she did not know what amount was necessary for the support of the child. The parties had apparently agreed that the husband should pay five dollars a week for the child's support. The plaintiff's evidence on the subject was as follows:
"Q. You are, however, asking for support for the child from Mr. Harviel? A. Well, I want complete custody of the child without any interference from the father.
"Q. But you are asking for support for the child? A. Well, yes.
"Q. For him to support the childfor the Court to make an order in that respect. Do you have any idea at this time what it will take to properly take care of the child at this tender age? A. No, I haven't stopped to figure out.
"Q. What has it been costing you? A. I have been too busy preparing bottles and changing diapers to figure it out.
"Q. Do you think $10.00 a week would be sufficient at this time?
"Mr. Watson: If your Honor please, we had agreed on a figure of $5.00 a week, *347 as I understood it, but I am willing to let the Court set it."
At this point the testimony changed abruptly to the question of whether or not the father should be allowed to visit his daughter, and the plaintiff testified that she had good reason, for not wanting the defendant to visit, which she did not care to state.
After hearing two character witnesses, the court passed the case for hearing on the question of the father's right to visit the child. The plaintiff at this hearing testified that defendant had been guilty of acts of immorality toward her and other acts of indecency, the nature and character of which need not be set out since the testimony is well known to counsel for both parties.
Two women, who worked as instructors in a dancing school run by the plaintiff, testified that the defendant attempted to peek into their dressing room when they were changing their clothes. One of these also testified that the defendant tried to embrace her. The defendant denied all the acts of immorality and indecency of which his wife complained and also denied that he had ever annoyed the instructors. He stated that he was obliged to pass the dressing room of the two employees to go to the basement and that he had put up curtains to afford privacy for them when they dressed.
The plaintiff, who had been married twice before, ran two dancing schools and the defendant had worked part time as an instructor in the schools prior to the separation from the plaintiff. His regular employment netted him $45 per week. As far as the question of support money is concerned, it does not appear to be a matter that caused the plaintiff any concern. She had ample means for her own support and offered no evidence as to the cost of the child's maintenance. She stated that she would ask for no support money for the child from the defendant if the court gave her exclusive custody and allowed the defendant no right to visit.
Defendant had never seen his daughter, who was born shortly after the separation, and on three occasions, when he had attempted to see her, plaintiff had refused to let him do so.
Since plaintiff sought only to use the request for support money to bargain for an exclusive right to the child's custody, and offered no evidence regarding the cost of the child's maintenance, she cannot here complain that the award is inadequate. Lambert v. Lambert, Mo. App., 222 S.W.2d 544.
As far as the character of the father is concerned, the evidence of the plaintiff and her witnesses was denied by the defendant. It is true that we must consider the evidence and reach our own conclusions in divorce cases, but where, as here, there is a complete conflict in the testimony, we accord great deference to the findings of the trial judge, who heard and saw the witnesses. Lambert v. Lambert, supra; Scheer v. Scheer, Mo.App., 238 S.W.2d 865. The court apparently did not consider the defendant to be a person of such debased character that his daughter's welfare would be jeopardized by visits from him.
The welfare of the child is always the first concern of the court in divorce cases, but the granting of its custody and the privileges of visiting should not be made "with the view of punishing one parent or rewarding the other". Schumm v. Schumm, Mo.App., 223 S.W.2d 122, 125. Certainly no harm can arise from the visits permitted by the decree and they may prove beneficial to both the child and the father.
It is therefore the recommendation of the Commissioner that the judgment of the circuit court be affirmed.
PER CURIAM.
The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.
The judgment of the circuit court is accordingly affirmed.
BENNICK, P. J., and HOLMAN and ANDERSON, JJ., concur.